# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GUZMAN VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARK ALBERT MORLOK, et al.,<br><br>Defendants. | Case No. 1:24-cv-01068-KES-SAB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST IN PART TO CONTINUE THE SCHEDULING CONFERENCE<br><br>(ECF No. 8) |

Plaintiff commenced this action on September 9, 2024. (ECF No. 1.) On February 21, 2025, Plaintiff returned service documents for Defendant Penske Logistics ("Penske"). (ECF No. 7.) No service documents have been filed for Defendant Mark Albert Morlok. A scheduling conference is currently set for March 27, 2025. (ECF No. 6.)

On March 13, 2025, Plaintiff filed a status report and a second request to continue the mandatory scheduling conference by 120 days. (ECF No. 8.) Therein, counsel for Plaintiff represents that counsel has received confirmation that Penske was served on February 19, 2025[1]; however, Defendant Morlok, who Plaintiff believes was acting in the course and scope of his employment with Penske, has not been served. Plaintiff also proffers he is awaiting a response to a settlement demand made to Penske on February 12, 2025.

---

[1] When Plaintiff filed his proof of service, Plaintiff indicated Penske's responsive pleading was due on March 12, 2025. (ECF No. 7.) Plaintiff now asserts the deadline for Penske to respond has not expired. Plaintiff does not provide his calculation for Penske's deadline to respond. Given the limited record before the Court, it appears that Penske was served by substitute service on February 17, 2025, and the documents were mailed to Penske on February 19, 2025. The Court independently calculates that service was not deemed complete until March 1, 2025. Cal. Code Civ. P. § 415.20(a). It therefore appears that Penske's responsive pleading is due on March 24, 2025. Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 6.

1

The Court finds good cause to continue the March 27, 2025 mandatory scheduling conference to accommodate Penske's responsive pleading deadline. However, the Court does not find good cause exists to grant Plaintiff's requested 120 day continuance to allow Plaintiff to prepare to "formally serve Defendants" and "proceed with litigation" if his February 12, 2025 settlement demand is not accepted. (ECF No. 8 at 2.) Plaintiff initiated this action 190 days ago. Plaintiff has represented through filings to the Court that Penske has been served with the summons and complaint. (Id.; ECF No. 7.) Although it is unclear whether counsel for Penske has confirmed it would accept service on behalf of Defendant Morlok, the Court shall also afford Plaintiff a brief extension of time to confer with counsel for Penske or to attempt further service on Defendant Morlok.

Accordingly, IT IS HEREBY ORDERED that:

1. The deadline for Plaintiff to complete service on Defendant Morlok shall be extended to **April 1, 2025**. Plaintiff SHALL file proof of service or, if necessary, a motion requesting proper relief supported by good cause no later **than April 1, 2025**; and

2. The initial scheduling conference is CONTINUED to **May 13, 2025, at 11:00 a.m.** in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone. A Joint Scheduling Report is due **one week** before the new conference date.

IT IS SO ORDERED.

Dated:   **March 18, 2025**

_____
STANLEY A. BOONE
United States Magistrate Judge