# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GUZMAN VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARK ALBERT MORLOK, et al.,<br><br>Defendants. | Case No. 1:24-cv-01068-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF FROM REQUIREMENTS TO SERVE SUMMONS ON DEFENDANT MORLOK<br><br>(ECF No. 10)<br><br>**APRIL 18, 2025 DEADLINE** |

Plaintiff commenced this action on September 9, 2024.  (ECF No. 1.)  The deadline to serve Defendants in conformance with Rule 4(m) was December 8, 2025.  Plaintiff failed to file proof of service as required by the Court's September 9, 2024 order.  Accordingly, on January 14, 2025, the Court ordered that Plaintiff file a notice of status of service.  (ECF No. 4.)  On January 21, 2025, Plaintiff informed the Court that he had not yet attempted service and requested an extension of "not less than 120 days" to do so.  (ECF No. 5.)  On January 22, 2025, the Court stated it did not find good cause to allow the case to linger on the Court's docket for eight months before Plaintiff would attempt to serve Defendants.  (ECF No. 6.)  However, the Court found good cause to extend the time for service until February 21, 2025.  (Id.)

On February 21, 2025, Plaintiff returned service documents for Defendant Penske Logistics ("Penske").  (ECF No. 7.)  No service documents were filed for Defendant Mark Albert Morlok.

1

1       On March 13, 2025, Plaintiff filed a status report and a request to continue the mandatory scheduling conference by 120 days. (ECF No. 8.) Therein, Plaintiff represented that counsel had received confirmation that Penske was served; however, Defendant Morlok, who Plaintiff believes was acting in the course and scope of his employment with Penske, had not been served. Plaintiff proffered he was awaiting a response to a settlement demand made to Penske on February 12, 2025. On March 18, 2025, the Court did not find good cause to extend the deadline to serve all Defendants by an additional 120 days. (ECF No. 9 at 2.) However, the Court extended the deadline to serve Defendant Morlok to April 1, 2025, or, alternatively, that Plaintiff file a motion requesting proper relief supported by good cause.

      On April 1, 2025, Plaintiff filed a document entitled "request for relief from requirements to serve summons on Defendant Morlok." (ECF No. 10.) Plaintiff contends he attempted to serve Defendant Morlok at the same address in Oregon six times between February 13, 2025 and February 26, 2025. (Id. at 2.) Plaintiff asserts that he has enlisted an investigator to run a skip trace and a postal verification on the last known address for Defendant Morlok. (Id.) Defendant Penske has informed Plaintiff it declines to indemnify or provide a defense for Defendant Morlok at this time. (Id. at 3.) Plaintiff assures the Court that as soon as Defendant Morlock's whereabouts are discovered, he will once again proceed with service. (Id.) However, Plaintiff contends he will be unable to conduct discovery as to Defendant Morlok until such time as Penske enters the litigation, and the time for discovery commences or is set at the Mandatory Scheduling Conference. (Id.) Plaintiff therefore "request[s] relief from the requirements of servicing Mr. Morlock until a reasonable opportunity to conduct discovery is had." (Id.)

      The Court shall deny Plaintiff's request. Although unclear, Plaintiff appears to request relief from serving a named defendant in this matter until *after* the mandatory scheduling conference and at on an unknown date *after* discovery commences. Plaintiff's request is unsupported by any authority or caselaw. From a procedural standpoint, judicial economy precludes judicial economy precludes conducting a scheduling conference when a named defendant has not been served.

      This Court has previously directed Plaintiff to Rule 4(m), which states that "[i]f a

2

defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). An appropriate period of time to effectuate service of a named defendant is not, as Plaintiff requests, indefinite. Plaintiff initiated this action over 200 days ago, well beyond the 90 days afforded by Rule 4(m). Most importantly, the Court finds no basis to indefinitely relieve Plaintiff from the satisfying the requisite element of due process to provide proper notice to Defendant Morlok that a lawsuit has been filed against him.

The Court will, however, grant Plaintiff **one final brief extension of time** to comply with Rule 4(m) and the Court's prior orders. Plaintiff contends his last attempted service on Defendant Morlok was on February 26, 2025. (ECF No. 10.) Plaintiff fails to provide specific details regarding when he enlisted his investigator or the status of the skip trace and postal verification. (ECF No. 10 at 2.) The Court therefore assumes Plaintiff diligently began this process soon after the last attempt at service five weeks ago. The Court finds five weeks affords more than sufficient opportunity to conduct a reasonable investigation into the whereabouts of Defendant Morlok. The Court shall therefore grant Plaintiff an additional two week extension to effect service on Defendant Morlok or file a motion requesting proper relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for indefinite relief from the requirement to serve Defendant Mark Albert Morlok (ECF No. 10) is DENIED;
2. No later than **April 18, 2025**, Plaintiff shall file proof of service of the summons and complaint on Defendant Morlok or a motion requesting proper relief that is supported by good cause and proper authorities.

///
///
///
///

3

3. **Should Plaintiff fail to comply with this order, the Court will issue findings and recommendations recommending that Defendant Morlok be dismissed for failure to complete service and failure to obey a court order without further order from the Court**.

IT IS SO ORDERED.

Dated: **April 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge