# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GUZMAN VASQUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK ALBERT MORLOK, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01068-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT MARK ALBERT MORLOK<br><br>(ECF No. 12) |

Plaintiff commenced this action on September 9, 2024. (ECF No. 1.) The deadline to serve Defendants was December 8, 2025, but Plaintiff failed to file proof of service as required by the Court's September 9, 2024 order. Accordingly, on January 14, 2025, the Court ordered that Plaintiff file a notice of status of service. (ECF No. 4.) On January 21, 2025, Plaintiff informed the Court that he had not yet attempted service and requested an extension of "not less than 120 days" to do so. (ECF No. 5.) On January 22, 2025, the Court stated it did not find good cause to allow the case to linger on the Court's docket for eight months before Plaintiff would attempt to serve Defendants. (ECF No. 6.) However, the Court found good cause to extend the time for service until February 21, 2025. (Id.)

On February 21, 2025, Plaintiff returned service documents for Defendant Penske Logistics. (ECF No. 7.) No service documents were filed for Defendant Mark Albert Morlok. On March 13, 2025, Plaintiff filed a status report and a request to continue the mandatory

1 scheduling conference by 120 days.  (ECF No. 8.)  Therein, Plaintiff represented that counsel 2 had received confirmation that Penske was served; however, Defendant Morlok, who Plaintiff 3 believes was acting in the course and scope of his employment with Penske, had not been served. 4 Plaintiff proffered he was awaiting a response to a settlement demand made to Penske on 5 February 12, 2025.  On March 18, 2025, the Court did not find good cause to extend the deadline 6 to serve all Defendants by an additional 120 days.  (ECF No. 9, p. 2.)  However, the Court 7 extended the deadline to serve Defendant Morlok to April 1, 2025, or, alternatively, that Plaintiff 8 file a motion requesting proper relief supported by good cause.

9 On April 1, 2025, Plaintiff filed a document entitled "request for relief from requirements 10 to serve summons on Defendant Morlok."  (ECF No. 10.)  Plaintiff contended he attempted to 11 serve Defendant Morlok at the same address in Oregon six times between February 13 and 12 February 26, 2025.  (Id. at p. 22.)  Plaintiff asserted that he had enlisted an investigator to run a 13 skip trace and a postal verification on the last known address for Defendant Morlok.  (Id.) 14 Defendant Penske has informed Plaintiff it declined to indemnify or provide a defense for 15 Defendant Morlok at this time.  (Id. at p. 3.)  Plaintiff assured the Court that as soon as 16 Defendant Morlock's whereabouts are discovered, he would once again proceed with service. 17 (Id.)  However, Plaintiff argued he will be unable to conduct discovery as to Defendant Morlok 18 until such time as Penske enters the litigation, and the time for discovery commences or is set at 19 the Mandatory Scheduling Conference.  (Id.)  Plaintiff therefore "request[ed] relief from the 20 requirements of servicing Mr. Morlock until a reasonable opportunity to conduct discovery is 21 had."  (Id.)

22 The Court denied the motion, finding no basis in fact or law to support indefinite relief. 23 (ECF No. 13.)  That said, the Court gave Plaintiff a final brief extension to April 18, 2025, in 24 which to effectuate service on Defendant Morlok or file a motion requesting proper relief.  (Id.) 25 The Court admonished Plaintiff that "**[s]hould Plaintiff fail to comply with this order, the** 26 **Court will issue findings and recommendations recommending that Defendant Morlok be** 27 **dismissed  for failure to complete service and failure to obey a court order without further** 28 **order from the Court.**"  (Id.) (emphasis in original).  The deadline has passed, and Plaintiff has

failed to file proof of service, a motion for an extension of time, or a motion to complete alternative service.

# I.

# DISCUSSION

In addition, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action or a party when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of Defendant Morlok in this action is warranted. The expeditious resolution of litigation is deemed to be in the public

interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff has failed to respond to the Court's April 3, 2025 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The instant dismissal is a dismissal without prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

In sum, this case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of Defendant Morlok from this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. Plaintiff's failure to respond to the Court's order, along with the history of service in this case, warrants the sanction of dismissal without prejudice under the circumstances.

## II.

## ORDER AND RECOMMENDATIONS

Accordingly, it HEREBY RECOMMENDED that Defendant Mark Albert Morlok be dismissed without prejudice for failure to prosecute this action and/or failure to comply with the Court's order under Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge