## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GUZMAN VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARK ALBERT MORLOK, et al.,<br><br>Defendants. | Case No. 1:24-cv-01068-KES-SAB<br><br>ORDER VACATING APRIL 21, 2025 FINDINGS AND RECOMMENDATIONS AND EXTENDING TIME FOR DEFENDANT MORLOK TO ANSWER<br><br>**JUNE 9, 2025 DEADLINE** |

Plaintiff commenced this action on September 9, 2024. (ECF No. 1.) The deadline to serve Defendants was December 8, 2025, but Plaintiff failed to file proof of service as required by the Court's September 9, 2024 order. Accordingly, on January 14, 2025, the Court ordered that Plaintiff file a notice of status of service. (ECF No. 4.) On January 21, 2025, Plaintiff informed the Court that he had not yet attempted service and requested an extension of "not less than 120 days" to do so. (ECF No. 5.) On January 22, 2025, the Court stated it did not find good cause to allow the case to linger on the Court's docket for eight months before Plaintiff would attempt to serve Defendants. (ECF No. 6.) However, the Court found good cause to extend the time for service until February 21, 2025. (Id.)

On February 21, 2025, Plaintiff returned service documents for Defendant Penske Logistics. (ECF No. 7.) No service documents were filed for Defendant Mark Albert Morlok. On March 13, 2025, Plaintiff filed a status report and a request to continue the mandatory scheduling conference by 120 days. (ECF No. 8.) Therein, Plaintiff represented that counsel

1    had received confirmation that Penske was served; however, Defendant Morlok, who Plaintiff
2    believes was acting in the course and scope of his employment with Penske, had not been served.
3    Plaintiff proffered he was awaiting a response to a settlement demand made to Penske on
4    February 12, 2025.  On March 18, 2025, the Court did not find good cause to extend the deadline
5    to serve all Defendants by an additional 120 days.  (ECF No. 9, p. 2.)  However, the Court
6    extended the deadline to serve Defendant Morlok to April 1, 2025, or, alternatively, that Plaintiff
7    file a motion requesting proper relief supported by good cause.

8        On April 1, 2025, Plaintiff filed a document entitled "request for relief from requirements
9    to serve summons on Defendant Morlok." (ECF No. 10.)  Plaintiff contended he attempted to
10   serve Defendant Morlok at the same address in Oregon six times between February 13 and
11   February 26, 2025.  (Id. at p. 22.)  Plaintiff asserted that he had enlisted an investigator to run a
12   skip trace and a postal verification on the last known address for Defendant Morlok.  (Id.)
13   Defendant Penske has informed Plaintiff it declined to indemnify or provide a defense for
14   Defendant Morlok at this time.  (Id. at p. 3.)  Plaintiff assured the Court that as soon as
15   Defendant Morlock's whereabouts are discovered, he would once again proceed with service.
16   (Id.)  However, Plaintiff argued he will be unable to conduct discovery as to Defendant Morlok
17   until such time as Penske enters the litigation, and the time for discovery commences or is set at
18   the Mandatory Scheduling Conference.  (Id.)  Plaintiff therefore "request[ed] relief from the
19   requirements of servicing Mr. Morlock until a reasonable opportunity to conduct discovery is
20   had." (Id.)

21       The Court denied the motion, finding no basis in fact or law to support indefinite relief.
22   (ECF No. 13.)  That said, the Court gave Plaintiff a final brief extension to April 18, 2025, in
23   which to effectuate service on Defendant Morlok or file a motion requesting proper relief. (Id.)
24   The Court admonished Plaintiff that "**[s]hould Plaintiff fail to comply with this order, the**
25   **Court will issue findings and recommendations recommending that Defendant Morlok be**
26   **dismissed  for failure to complete service and failure to obey a court order without further**
27   **order from the Court.**" (Id.) (emphasis in original).  The deadline passed, and Plaintiff failed to
28   file proof of service, a motion for an extension of time, or a motion to complete alternative

service. On April 21, 2025, the Court issued findings and recommendations, recommending that the District Judge dismiss Defendant Morlok for failure to comply with a court order and failure to prosecute. (ECF No. 15.) The Court informed the parties that they had fourteen days to object to the findings and recommendations. (Id.)

On April 25, 2025, Defendant Morlok filed a letter with the Court informing that he had been served and did not have an attorney. (ECF No. 16.) On April 25, 2025, Plaintiff filed a notice of summons returned executed as to Defendant Morlok. (ECF No. 19.) On May 4, 2025, Plaintiff filed objections to the findings and recommendations. (ECF No. 20.) Therein, Plaintiff informed the Court that Defendant Morlok had been served on April 8, 2025, and Plaintiff knew about service as early as April 16, 2025. (Id.) Plaintiff states that on April 21, 2025, he received confirmation of the proof of service, which he later filed on April 25, 2025. (Id.) Plaintiff also acknowledged that this Court's findings and recommendations were premised on Plaintiff's failure to file a motion, report, or other filing by April 18, 2025. (Id.) Plaintiff asserts that this failure was a calendaring error. (Id.)

However, as described above, Plaintiff has had a history of failing to comply with court orders, which is unacceptable. Therefore, the Court admonishes Plaintiff that going forward any failure to comply with a court order will result in an order to show cause, and the Court will consider imposing sanctions, including recommending dismissal of this case. That said, given the foregoing, the Court will vacate its April 21, 2025 findings and recommendations.

In addition, because it appears that Defendant Morlok is proceeding pro se, with Defendant Penske Logistics not representing him, the Court will give additional time, up to and including June 9, 2025, for Defendant Morlok to file an answer. The Court notes for Defendant Morlok's benefit that the District Court has a webpage for "Representing Yourself (Pro Se Litigant)," available on the Court's website: https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-selitigant/. Therein, the Court provides a form entitled "The Defendant's Answer to the Complaint," which the Court shall direct the Clerk of Court to send Defendant Morlok as a courtesy. Should Defendant Morlok elect to use the form answer, he shall pay particular

attention to the directions in Section II.A., which requires that, on separate pages, that he write a short and plain statement of the answer to the allegations in the complaint with enumerated paragraphs corresponding to each paragraph within the complaint. For each paragraph in the complaint, Defendant Morlok shall state whether he admits the allegations in that paragraph, denies the allegations, lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lack sufficient knowledge to admit or deny, the rest. See Fed. R. Civ. P. 8(b)(2)-(5). The Court will impose a deadline for Plaintiff to file for entry of default should Defendant fail to timely file an answer.

Accordingly, it is hereby ORDERED that:

1. The April 21, 2025 findings and recommendations (ECF NO. 15) are VACATED;

2. Defendant Morlok shall have through **June 9, 2025**, to file an answer;

3. The Clerk of the Court is DIRECTED to send Defendant Morlok this order along with "The Defendant's Answer to the Complaint" form;

4. Should Defendant Morlock fail to file an answer, Plaintiff shall have through **June 13, 2025**, to file for an entry of default;

5. **Should Plaintiff fail to comply with this order, the Court will issue an order to show cause and consider imposing sanctions, including recommending dismissal of this action.**

IT IS SO ORDERED.

Dated:  **May 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4